# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| Raul Alberto Guadalupe-Báez; Ivelissa Báez-Hernández; Antonia Hernández-Alejandro,<br>    Plaintiffs,<br><br>     v.<br><br>Unknown Police Officers A-Z; Police Officer Howard Delgado; Police Officer Hector Orozco; SIB Officer Carlos Rosa; Honorable Héctor Pesquera; Honorable José Román Abreu; Honorable Guillermo A. Somoza Colombani; Honorable Luis Sánchez-Betances; Insurance Companies A-Z,<br>    Defendants. | **Civil No. 13-1529**<br><br><br>**Violation of Constitutional and Civil Rights, Tort**<br><br>**Jury Trial Demanded** |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiffs, Raul Alberto Guadalupe-Báez, Ivelissa Báez-Hernández, Antonia Hernández-Alejandro, through the undersigned legal representation, and very respectfully allege and request as follows:

### INTRODUCTION

1.     This is an action for damages against defendants stemming from the shooting of Plaintiff Raul Alberto Guadalupe-Báez by Officers of the Puerto Rico Police Department and/or San Lorenzo Municipal Police on or about midnight July 8-9, 2012, in the area of San Lorenzo, Puerto Rico.  Said intervention shocks the conscience and constitutes a reckless and grossly negligent use of excessive force. Defendants, in violation of the Constitution and laws of the United States and Puerto Rico, have deprived Mr. Guadalupe of the rights and privileges afforded under the law to him; these violations being reckless and/or

grossly negligent in nature and in reckless disregard and deliberate indifference to Mr. Guadalupe's rights; while defendants were acting under color of law.

2.   Mr. Guadalupe, his mother Mrs. Báez-Hernández, and his grandmother Mrs. Hernández-Alejandro, bring this action against defendants, in their individual capacities (as stated hereinafter), for their injuries and damages arising out of the unreasonable and/or shocking intervention by defendants, on or about midnight July 8-9, 2012,  subsequent violations alleged herein against defendants, and resulting damages.

3.   On or about the aforementioned date, Mr. Guadalupe was injured by the shooting executed by a still unidentified PR or Municipal Police Officer A (hereinafter "Police Officer A"). He was also injured by the failure to intervene by the companion of said Police Officer A, referred herein as "Police Officer B."  He was injured by the negligent training, negligent entrustment and negligent supervision of Officers A,  B and C-Z by the "supervisory defendants."  He further has been injured and continues to be injured by "investigative defendants" failure to prosecute his complaints; by the conspiracy to cover up the shooting; and, by the lack of investigation and disciplining of Mr. Guadalupe's shooter by the Honorable Superintendent of the Puerto Rico Police Hector Pesquera or the Mayor of San Lorenzo Honorable Jose Roman Abreu, the Honorable Ex-Secretary of Justice and present Honorable Secretary of Justice - Guillermo A. Somoza and Luis Sánchez-Betances - who had/has (respectively) the Special Investigations Bureau under their control and guidance.

4.   Plaintiffs Mrs. Báez-Hernández, and Mrs. Hernández-Alejandro, have been injured by defendants' shooting of their son/grandson (respectively); and have suffered from

defendants' failure to comply with their legal duties to investigate and discipline Police

Officer A, and from the conspiracy to cover up said shooting and obstruct their access to

court.

5.      Defendants, at all pertinent times act or have acted under color of law and have deprived

Mr. Guadalupe of his federally protected rights, privileges and immunities.  Certain

defendants, by their own acts and omissions, with reckless, deliberate or callous

indifference to Mr. Guadalupe's constitutional rights, created or paved the way for the

street-level misconduct giving rise to the present case.

6.      Plaintiff Guadalupe has been injured by way of the Constitutional and Civil Rights

violations, as well as the violations of Articles 1802/03 of the Civil Code of Puerto Rico.

Plaintiffs Mrs. Baez-Hernandez, and Mrs. Hernandez-Alejandro claim damages under

Articles 1802/03 of the Civil Code of Puerto Rico and the Civil Rights conspiracy

violations.

## I.  JURISDICTION AND VENUE

7.      This Honorable Court has subject matter jurisdiction over the instant civil action pursuant

to 28 U.S.C. §§ 1331, 1343, & 1367; 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988,

and, pursuant to the Constitutions of the United States of America and the

Commonwealth of Puerto Rico.

8.      Venue is properly laid in this Honorable Court pursuant to 28 U.S.C. § 1391 in that it was

this judicial district in which a substantial part of the events giving rise to the claims

alleged herein occurred.

9.    Supplemental jurisdiction to hear and decide claims arising under Puerto Rico law is
      invoked under 28 U.S.C. § 1367.

## II. THE PARTIES

10.   Plaintiff Raul Alberto Guadalupe-Báez ("Guadalupe") is a resident of Caguas, Puerto
      Rico.

11.   Plaintiff Ivelissa Báez-Hernández ("Báez"), mother of Guadalupe, is a resident of Caguas,
      Puerto Rico.

12.   Plaintiff Antonia Hernández-Alejandro ("Hernández"), grandmother of Guadalupe, is a
      resident of Caguas, Puerto Rico.

13.   Defendant Police Officer A is a fictitious name given to a yet unidentified person, who
      upon information and belief, is the officer of the Police of Puerto Rico or the San Lorenzo
      Municipal Police Officer, who shot Mr. Guadalupe.  He/she, under color of law, in an
      unreasonable fashion, shocking to the conscience, reckless and/or grossly negligently shot
      Mr. Guadalupe and failed to offer Mr. Guadalupe medical assistance. He/she is being
      sued individually and not in his/her official capacity.

14.   Defendant Police Officer B is a fictitious name given to a yet unidentified person, who
      upon information and belief, is another officer of the Police of Puerto Rico or the San
      Lorenzo Municipal Police Officer who under color of law committed, participated in, or
      is responsible for, the violations that give rise to this lawsuit, *inter alia*, aiding and
      abetting, conspiring, assisting, acting and/or participating along with his/her partner
      (Police Officer A) in the deprivation of liberty and shooting of Mr. Guadalupe, and/or
      standing by and failing to intervene while Mr. Guadalupe was being shot and/or failing to

take reasonable action to defend Mr. Guadalupe and/or failing to offer Mr. Guadalupe medical assistance, thus directly contributing to the violations charged herein. This defendant is being sued individually and not in his/her official capacity.

15.   Defendant Police Officers C-Z are fictitious names used to identify and represent the Puerto Rico Police Officers and members of the Special Investigations Bureau of the Department of Justice who have obstructed justice and have conspired to attempt to deprive plaintiff Guadalupe of his rights of action under the Civil Rights Statutes to seek redress for Police Officer A's use of excessive force, and related civil rights claims alleged herein.  Said defendants have conspired to attempt to deprive plaintiffs Guadalupe, Báez and Hernández of their rights of action under Article 1802/03 of the Civil Code of Puerto Rico, 42 USC § 1985,  and other applicable civil rights statutes alleged herein.  Said defendants have desired to deter or impede his/their filing of the present complaint and their attendance in federal court to assert their rights, all part of the violations publicly known, and attempts to cover up instances of excessive use of force, and demonstrating the Commonwealth of Puerto Rico and Puerto Rico Police Department lack of compliance with the Agreement for the Sustainable Reform of the Puerto Rico Police Department (12-cv-02039 Document 2-1 Filed 12/21/12) - hereinafter "Agreement."

16.    Police Officer Howard Delgado is a Puerto Rico Police Officer who has obstructed justice and have conspired with named and unnamed defendants to attempt to deprive plaintiff Guadalupe of his rights of action under the Civil Rights Statutes to seek redress for Police Officer A's use of excessive force, and related civil rights claims alleged

herein.  Said defendant has conspired to attempt to deprive plaintiffs Guadalupe, Báez

and Hernández of their rights of action under Article 1802/03 of the Civil Code of Puerto

Rico, 42 USC § 1985,  and other applicable civil rights statutes alleged herein.  Said

defendant has desired to deter or impede his/their filing of the present complaint and their

attendance in federal court to assert their rights, all part of the violations publicly known,

and attempts to cover up instances of excessive use of force, and demonstrating the

Commonwealth of Puerto Rico and Puerto Rico Police Department lack of compliance

with the Agreement for the Sustainable Reform of the Puerto Rico Police Department

(12-cv-02039 Document 2-1 Filed 12/21/12) - hereinafter "Agreement."

17.    Police Officer Héctor Orozco is a CIC Puerto Rico Police Officer who has obstructed

justice and has conspired with named and unnamed defendants to attempt to deprive

plaintiff Guadalupe of his rights of action under the Civil Rights Statutes to seek redress

for Police Officer A's use of excessive force, and related civil rights claims alleged

herein.  Said defendant has conspired to attempt to deprive plaintiffs Guadalupe, Báez

and Hernández of their rights of action under Article 1802/03 of the Civil Code of Puerto

Rico, 42 USC § 1985,  and other applicable civil rights statutes alleged herein.  Said

defendant has desired to deter or impede his/their filing of the present complaint and their

attendance in federal court to assert their rights, all part of the violations publicly known,

and attempts to cover up instances of excessive use of force, and demonstrating the

Commonwealth of Puerto Rico and Puerto Rico Police Department lack of compliance

with the Agreement for the Sustainable Reform of the Puerto Rico Police Department

(12-cv-02039 Document 2-1 Filed 12/21/12) - hereinafter "Agreement."

18.   NIE Officer Carlos Rosa is a member of the Special Investigations Bureau of the
Department of Justice who has obstructed justice and has conspired with named and
unnamed defendants to attempt to deprive plaintiff Guadalupe of his rights of action
under the Civil Rights Statutes to seek redress for Police Officer A's use of excessive
force, and related civil rights claims alleged herein.  Said defendant has conspired to
attempt to deprive plaintiffs Guadalupe, Báez and Hernández of their rights of action
under Article 1802/03 of the Civil Code of Puerto Rico, 42 USC § 1985,  and other
applicable civil rights statutes alleged herein.  Said defendant has desired to deter or
impede his/their filing of the present complaint and their attendance in federal court to
assert their rights, all part of the violations publicly known, and attempts to cover up
instances of excessive use of force, and demonstrating the Commonwealth of Puerto Rico
and Puerto Rico Police Department lack of compliance with the Agreement for the
Sustainable Reform of the Puerto Rico Police Department (12-cv-02039 Document 2-1
Filed 12/21/12) - hereinafter "Agreement."

19.   Defendant Héctor Pesquera was at all times material to this action the Superintendent of
the Puerto Rico Police Department.

20.   As to Defendant Pesquera, the following apply:

    a.   Defendant Pesquera is a person who negligently confided and entrusted defendant
Police Officers A, B and C-Z with the authority to discharge their apparent duties.

    b.   Defendant Pesquera is responsible to the plaintiff for his own actions and
omissions, negligent entrustment and negligent supervision of defendant Police
Officer A, Police Officer B, Police Officers C-Z, and police personnel in general,

a behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence, amounting to deliberate indifference and reckless disregard of the plaintiff's rights and guarantees under the law, and improperly training / supervising his subordinates.

    c.    Defendant Pesquera's behavior, akin to that of a silent conspirator, permeates this case, as well as other recent cases of police abuse in Puerto Rico, permitting an inference of a meeting of the minds whereby abusive officers are not prosecuted unless caught by means of videos or otherwise while flagrantly abusing others.

    d.    Under defendant Pesquera's system, the complaint related to the shooting of Mr. Guadalupe has been dropped and not followed up.

    e.    Defendant Pesquera is also defined as a member of the "supervisory defendants."

    f.    Defendant Pesquera is being sued individually and not in his official capacity.

21.    Defendant Honorable José Román Abreu, was at all times material to this action the Mayor of the Municipality of San Lorenzo, and ultimate Commander In Chief of the Municipal Police of said municipality.

22.    As to Defendant Román, the following apply:

    a.    Defendant Román is a person who negligently confided and entrusted defendant Police Officers A, B and C-Z with the authority to discharge their apparent duties.

    b.    Defendant Román is responsible to the plaintiff for his own actions and omissions, negligent entrustment and negligent supervision of defendant Police Officer A, Police Officer B, Police Officers C-Z, and municipal police personnel

in general, a behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence, amounting to deliberate indifference and reckless disregard of the plaintiffs' rights and guarantees under the law, and  improperly training/ supervising his subordinates.

c.     Defendant Román's behavior, akin to that of a silent conspirator, permeates this case, as well as other recent cases of police abuse and assassination in Puerto Rico, permitting an inference of a meeting of the minds whereby abusive officers are not prosecuted unless caught by means of videos or otherwise while flagrantly abusing others.

d.     Under  defendant Román command, the investigation and follow up related to the shooting of Mr. Guadalupe has been dropped and not followed up.

e.     Defendant Román is also defined as a member of the "supervisory defendants."

f.     Defendant Román is being sued individually and not in his official capacity.

23.   As to Honorable Guillermo A. Somoza Colombani , Ex-Secretary of Justice and Ex-Commander In Chief of the Special Investigation Bureau ("SIB"), the following apply:

a.     Defendant Somoza Colombani grossly negligently confided and entrusted defendants C-Z at the SIB with the authority to discharge their apparent duties.

b.     Defendant Somoza Colombani is responsible to the plaintiffs for his own actions and omissions, negligent entrustment and negligent supervision of defendants Rosa and C-Z under his command at the SIB, a behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence, amounting to deliberate indifference and reckless disregard of

the plaintiffs' rights and guarantees under the law, and improperly training/supervising his subordinates.

c.     Defendant Somoza Colombani allowed the SIB to cover up the investigation of Mr. Guadalupe's shooting.

d.     Defendant Somoza Colombani failed to identify and take remedial action against the Police Officer who shot Mr. Guadalupe.

e.     Defendant Somoza Colombani is also defined as a member of the "supervisory defendants."

f.     Defendant Somoza Colombani is being sued individually and not in his official capacity.

24.     As to Defendant Honorable Luis Sánchez-Betances, Present Secretary of Justice and Present Commander In Chief of the Special Investigation Bureau ("SIB"), the following apply:

a.     Defendant Sánchez-Betances has grossly negligently confided and entrusted defendants C-Z at the SIB with the authority to discharge their apparent duties.

b.     Defendant Sanchez-Betances is responsible to the plaintiffs for his own actions and omissions, negligent entrustment and negligent supervision of defendants Rosa and C-Z under his command at the SIB, a behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence, amounting to deliberate indifference and reckless disregard of the plaintiffs' rights and guarantees under the law, and improperly training/supervising his subordinates.

c.      Defendant Sanchez-Betances has allowed the SIB to cover up the investigation of Mr. Guadalupe's shooting, and has failed to insure compliance with the Agreement.

d.      Defendant Sanchez-Betances has failed to identify and take remedial action against the Police Officer who shot Mr. Guadalupe.

e.      Defendant Sanchez-Betances is also defined as a member of the "supervisory defendants."

f.      Defendant Sanchez-Betances is being sued individually and not in his official capacity.

25.    Defendants C-Z, are persons - aside from Rosa and Orozco to whom the following also applies - with the responsibility within the Police of Puerto Rico and within the SIB to investigate and prosecute Police Officer A.

26.    As to Defendants C-Z (and Rosa and Orozco), the following apply:

a.      Defendants C-Z are part of the silent conspiracy allowing abuses on citizens go unpunished.

b.      Defendant C-Z may be divided into "supervisory" and "investigatory" defendants, whose investigatory encouragement, condonation or acquiescence or gross negligence, amounts to deliberate indifference over the plaintiff's rights and guarantees under the law.

c.      Defendants C-Z participate in a customary lack of prompt action upon citizens' claims, and other acts of inaction, lack of adequate investigation of police

brutality and abuse claims, creating a permissive environment that leads to, permits, or allows, continued violations of constitutional rights.

d.      Defendants C-Z have failed to properly supervise, properly investigate, properly document the reckless and/or grossly negligent shooting of Mr. Guadalupe, and properly identify the culprit(s).

e.      Defendants C-Z have demonstrated reckless or deliberate indifference to Mr. Guadalupes' rights, and have themselves violated plaintiffs' rights.

f.      Defendants C-Z are being sued individually and not in their official capacity.

27.     Among defendants C-Z where there are:

a.      defendants with supervisory responsibilities who are being referred to as "supervisory defendants"; and,

b.      defendants with investigatory responsibilities who are being referred to as "investigatory defendants"; there are also other,

c.      unidentified persons who have conspired and/or acted in concert with the named co-defendants or acted in furtherance of the causes of action alleged herein.

28.     These "supervisory" and "investigatory"  defendants are responsible to the plaintiff for their gross negligence, recklessness, deliberate indifference to constitutional rights, reckless disregard of constitutional rights, as these deprivations are manifested in defendants' grossly negligent entrusting, supervising, and investigation of the assault on Mr. Guadalupe, all part of the conspiracy to cover up the shooting and violate the Agreement.

29.     Defendants Pesquera, Román, and Sanchez, have manifested a pattern or behavior that could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence, amounting to deliberate indifference over the plaintiff's rights and guarantees under the law.  This pattern or behavior, by Pesquera, Román,  and Sanchez, constitutes the 'affirmative link' which caused the street-level misconduct at issue in this case, to wit, the shooting of Mr. Guadalupe by Police Officer A.  They have failed to adequately supervise, train, discipline, monitor, evaluate and oversee the actions of the officers under their control and/or supervision and have failed to assure that citizens are not injured due to police actions and abuses and have failed to insure compliance with the Agreement.

30.     These supervisory and investigatory defendants participate in a customary lack of prompt action upon citizens' claims, and other acts of inaction, lack of control, lack of training or adequate supervision or investigation of police brutality and abuse claims, creating a permissive environment that leads to, permits, or allows, continued violations of constitutional rights.

31.     These supervisory and investigatory defendants have demonstrated indifference to the violation of constitutional rights by their subordinate officers and/or officers under investigation; a lack of action that allows a reasonable inference of a conscious and voluntary meeting of the minds, constituting a conspiracy in violation of 42 USC § 1985.

32.     Upon information and belief, at all times pertinent, supervisory and investigatory defendants have permitted and tolerated a pattern and practice of unreasonable use of

force by its Police officers, which has been noticed by the whole world, as well as being recognized by the US Department of Justice and the ACLU.

33.    Upon information and belief, supervisory and investigatory defendants have maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force and continued abuses by police officers.

34.    The acts, omissions, systemic flaws, policies, and customs of the supervisory/ investigatory defendants have caused its police officers to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against the plaintiff and others in the future.

35.    At all pertinent times, all defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

36.    All defendants are being sued in their individual capacities.

37.    Defendants are not entitled to immunity due to the fact that the law applicable to and governing the defendants conduct was clearly established:

a.    A reasonable person would have realized that the plaintiff's rights were being violated by the assault being perpetrated;

b.    there was no arrest warrant for Mr. Guadalupe;

c.    Mr. Guadalupe was unarmed;

d.    Mr. Guadalupe did not pose a threat of death or grievous bodily injury to defendants;

    e.     there was no probable cause nor orders from a superior nor regulations allowing for Mr. Guadalupe's shooting, an obvious use of excessive force;

    f.     they have failed to investigate the shooting;

    g.     they have covered up the facts and failed to identify the culprit(s);  and,

    h.     they have  attempted to manipulate the system to deny plaintiffs their day in court.

38.    Defendants Insurance Companies A-Z are fictitious names used to identify and represent any and all insurance companies that may be responsible, directly or indirectly, in whole or in part, to the plaintiff for the damages claimed.

## III.  RELEVANT TIMES, FACTS AND CIRCUMSTANCES

39.    Plaintiff Raul Alberto Guadalupe-Baez is of legal age and a resident of Caguas, Puerto Rico.

40.    On or about the midnight hours of July 8-9, 2012, Mr. Guadalupe was riding along several other persons his four track Honda ATV Model TRX in the vicinity of San Lorenzo, Puerto Rico.

41.    Upon deciding to return to his home he noticed several Puerto Rico Police vehicles approaching.

42.    He left the area, and as he was going north via Road 183 a Police Patrol began to follow him, and sped towards his vehicle approaching him very closely.

43.    At that time the road was deserted with no traffic except for them two.

44.    Mr. Guadalupe did not pose a threat of harm, either to the officer or to others, he was not armed, nor had he committed any felony.

45.   Fearful of an impact, and given the obvious intent of the Police Patrol car to ram and derail him, he attempted to turn at the next intersection.

46.   When he was making a turn towards his left, at the intersection by the San Lorenzo Municipal Police Station, he heard a gunshot and felt terrible pain in the left side of his abdomen - the side that was directly in front of the Police Patrol car.

47.   He had been shot by Police Officer A.

48.   Police Officer A seized Mr. Guadalupe by shooting him.

49.   Police Officer A abused his/her power by recklessly, grossly negligently, and arbitrarily unholstering his/her weapon, pointing to Mr. Guadalupe and shooting him.

50.   Police Officers A and B had the intention to seize Mr. Guadalupe one way or the other, either by hitting him with the patrol car, shooting or whatever means they could use.

51.   Police Officer A released the trigger and shot Mr. Guadalupe utilizing excessive force in the process of the arrest.

52.   Mr. Guadalupe lost control of the vehicle and came to a stop falling to the ground.

53.   After his fall, Police Officers seized him and searched him.

54.   The Police Officers found no evidence of criminal activity.

55.   He was released to an ambulance that took him to local health facilities, ultimately to the Medical Center in Rio Piedras.

56.   At the Puerto Rico Medical Center emergency surgery was conducted.

57.   As a result of the gunshot he suffered multiple small bowel perforations; an injury to his appendix; and other intra-abdominal injuries.

58.   The surgical intervention included the following:

    a.      Exploratory laparotomy;

    b.      Splenorrhaphy;

    c.      Four segmental small bowel resections and re-anastomosis; and,

    d.      Appendectomy.

59.    No charges were ever made against him.

60.    His four track vehicle was taken away and never returned.

61.    Police Officer Howard Delgado was one of the first that came to him while he was lying on the floor after being shot.

62.    Delgado later denied being Police Officer A - the one who shot Mr. Guadalupe.

63.    Delgado later claimed that the bullet that shot Raul was a Caliber 40, and not from his weapon, which is a Caliber 45.

64.    Delgado acknowledged that there had been excessive use of force in Mr. Guadalupe's arrest, but he did not identify Police Officer A to Mr. Guadalupe, nor did he state whether the shot had come from the San Lorenzo Municipal Police Station across from where he was shot or from the Puerto Rico Police patrol car chasing Mr. Guadalupe.

65.    Upon information and belief, the Police of Puerto Rico and the NIE have access to the Caliber 40 casing and know, or should know, who shot Mr. Guadalupe.

66.    Upon information and belief, POPR Delgado, the Police of Puerto Rico, and the NIE have failed to prosecute the Police Officer that shot Guadalupe.

67.    The Police of Puerto Rico initiated an inquiry into this matter, left into the hands of a certain Officer Héctor Orozco of the CIC Caguas.

68.    Orozco failed to identify and prosecute Police Officer A, the one that shot Guadalupe,

and at some point in time dropped the investigation.

69.    The NIE also initiated an inquiry into this matter, left into the hands of a certain Officer

Carlos Rosa.

70.    Rosa failed to identify and prosecute Police Officer A, the one that shot Guadalupe, and

at some point in time dropped the investigation.

71.    As a result of defendants' acts and/or omissions, plaintiffs have suffered multiple

damages.  On one hand, Mr. Guadalupe sustained severe intra-abdominal injuries as

stated above.  Aside from the immense emotional trauma due to the abdominal

perforation and lesions, and his fear of imminent death at the time of the shooting, he

suffered and has suffered pain therefrom, has suffered physical handicaps due to the pain

and loss of physical endurance, and has suffered severe psychological trauma, these

injuries being either permanent or continuing in nature.  Mr. Guadalupe will continue to

suffer said damages in the future.   Plaintiffs Baez and Hernández have suffered intense

emotional damages as a result of the near death of their son/grandson, seeing him in such

critical condition, as well as their anguish upon seeing him severely impaired in his

physical condition.  Defendants have further suffered, among others, by the inaction

regarding the shooting and the conspiracy to cover up the shooting and obstruction to

their day in court and  enforcement of their legal rights in court.

## IV.  CAUSES OF ACTION

COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS - UNLAWFUL ARREST WITH
EXCESSIVE USE OF FORCE IN VIOLATION OF FOURTH AMENDMENT
Against Defendant Police Officer A and B

72.    Plaintiff incorporates by reference paragraphs 1 through 55.

73.    Plaintiff was illegally seized and/or unlawfully arrested/detained without cause and
subjected to unreasonable excessive use of force by these defendants in violation of the
Fourth Amendment's rights under 42 USC § 1983.

74.    It is settled law, and defendants knew or should have known that the shooting of an
unarmed, non-dangerous suspect to prevent the suspect's flight is a violation of the
Fourth Amendment.

75.    As a direct result of defendants' actions, the plaintiff was subjected to physical and
emotional injury, and loss of liberty and freedom, for which damages defendants are
liable, in the amount of One Million Dollars ($1,000,000.00).

COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS -  RIGHT TO BODILY
INTEGRITY - EXCESSIVE USE OF FORCE THAT SHOCKS THE CONSCIENCE IN
VIOLATION OF FOURTEENTH AMENDMENT
Against Defendant Police Officers A and B

76.    Plaintiff incorporates by reference in paragraphs 1 through 58.

77.    Defendants intervention with Mr. Guadalupe (if not considered a seizure and therefore
subject to a Fourth Amendment standard as alleged in Count I), performed with deliberate
indifference to Mr. Guadalupe's right to bodily integrity, shocks the conscience, violated
Mr. Guadalupe's Fourteenth Amendment's rights under 42 USC § 1983 and is actionable
thereunder.

78.    As a direct result of defendants' actions, plaintiff was subjected to physical injury in
violation of his rights to bodily integrity under the Fourteenth Amendment, for which
damages defendants are liable, in the amount of One Million Dollars ($1,000,000.00).

COUNT III: VIOLATION OF CONSTITUTIONAL, CIVIL RIGHTS, AND ARTICLE 1802 -
FAILURE TO INTERVENE AND/OR FAILURE TO PROTECT
Against Defendant Police Officer B

79.    Plaintiff incorporates by reference paragraphs 1 through 61.

80.    The excessive use of force, i.e., the shooting of plaintiff Guadalupe by defendant Police

       Officer A, was permitted by co-defendant Police Officer B.

81.    For having stood by and not taking action while Police Officer A took his gun out of his

       holtster, used his gun to aim at Mr. Guadalupe, and used this gun to shoot Mr. Guadalupe,

       and having failed to stop Police Officer A from said shooting; aside from failing to move

       the Police Patrol so that Police Officer A could not harm Mr. Guadalupe, thus endorsing

       and facilitating the shooting, this defendant violated Mr. Guadalupe's constitutional and

       statutory rights under the Constitutions and laws of the United States and Puerto Rico,

       and specifically, under 42 USC §§ 1983, 1986 and Article 1802.

82.    As a direct result of defendant's actions and/or inactions, plaintiff was subjected to

       physical and emotional injury, and loss of liberty and freedom, for which damages

       defendant is liable, in the amount of One Million Dollars ($1,000,000.00).

COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS - FOR INADEQUATE
TRAINING, SUPERVISION, DISCIPLINE, INVESTIGATION AND PATTERN OF
ACQUIESCENCE, PERMISSIVE ENVIRONMENT AND NEGLIGENT ENTRUSTMENT
Against "Supervisory" and "Investigatory" Defendants Pesquera, Román, Sanchez, and
Defendants C-Z

83.    Plaintiff incorporates by reference in paragraphs 1 through 65.

84.    Defendants Pesquera, Román, Sanchez, and Defendants C-Z failed to train, supervise,

       investigate and discipline police officers, in particular Police Officers A and B, so as to

prevent the type of abuse Mr. Guadalupe was subjected to, and prevent the Constitutional and statutory violations herein described.

85.   Defendants' pattern of acquiescence, permissive environment and negligent entrustment, ultimately created and encouraged the abuse Mr. Guadalupe was subjected to, as well as the Constitutional and statutory violations thereto.

86.   These actions represent a deliberate indifference and reckless disregard of Mr. Guadalupe's rights and the rights of citizens in general.  Furthermore, they are negligent, grossly negligent and/or intentional violations.

87.   It is/was the policy and practice of defendants to allow the cover up and/or failure to document and/or failure to investigate, the use of excessive force by police, despite the lack of any actual violation justifying violent and abusive interventions with citizens. This policy and practice encouraged and caused the violation of plaintiffs' constitutional rights by codefendants.

88.   As a result of same plaintiffs have suffered damages for which defendants are responsible.  As a direct result of defendants' actions and/or inactions, plaintiffs have suffered damages for which defendants are liable, in the amount of  One Million Dollars ($1,000,000.00).

COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS
Against All Defendants

89.   Plaintiff incorporates by reference paragraphs 1 through 71.

90.   Defendants, by their concerted actions and/or omissions, have conspired to violate plaintiff's statutory civil rights in violation of 42 U.S.C. §§ 1983 & 1985, for which these co-defendants are individually liable.  The constitutional guarantee of due process of law

has as a corollary the requirement that people be afforded access to the courts in order to

seek redress for violations of their constitutional rights; and, defendants, having failed to

investigate and prosecute Police Officer A, aiding and abetting amongst themselves, have

conspired and attempted to obstruct plaintiffs' access to the courts.  By failing to comply

with their investigative duties they have attempted to allow the statute of limitations to

run by and thus eliminating the possibility of redress.  Supervisory defendants have

violated 42 U.S.C. §1986 due to their wrongful neglect and concerted action not to

intervene with their subordinates conspiracy to obstruct plaintiffs' access to court.

91. As a direct result of defendants' actions and/or inactions, plaintiffs have suffered

damages, for which damages these defendants are liable, in the amount of  One Million

Dollars ($1,000,000.00).

COUNT VI: Reckless and/or grossly negligent SHOOTING - PUERTO RICO LAW
Against Defendant Police Officer A

92. Plaintiff incorporates by reference paragraphs 1 through 74.

93. The reckless and/or grossly negligent shooting and use of deadly force by defendant

Police Officer A when plaintiff Guadalupe was unarmed and did not pose a threat of

death or grievous bodily injury to defendants or others, without justification or

provocation, was excessive and caused damages for which defendant is individually

liable, among others, under Article II, §§ 1, 7 and 8 of the Constitution of Puerto Rico,

and Article 1802 of the Civil Code.

94. Police Officer A owed a duty of care to Mr. Guadalupe, a duty that was breached and said

breach caused damages to Mr. Guadalupe.  As a proximate result of the reckless and/or

grossly negligent shooting committed by defendant Police Officer A, plaintiff Guadalupe

has sustained temporary and permanent physical and psychological injuries. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental and physical.

95.    As a proximate result of said shooting, plaintiffs Baez and Hernandez have sustained temporary and permanent psychological injuries. These injuries have caused and will continue to cause plaintiffs great pain and suffering.

96.    As a direct result of defendant Police Officer A violation of Article 1802 plaintiffs have suffered damages, for which damages this defendant is liable, in the amount of One Million Dollars ($1,000,000.00).

COUNT VII: ARTICLE 1802
Against All Defendants

97.    Plaintiffs incorporates by reference paragraphs 1 through 84.

98.    Defendant Police Officer A, while acting in his capacity as police officer (whether state or municipal), owed a personal duty to plaintiff Guadalupe to perform his police duties without the use of excessive force. Defendant's use of force upon plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, constitutes reckless and/or grossly negligent acts for which this defendant is individually and personally liable.

99.    All other co-defendants owed a personal and individual duty to plaintiff to protect him from the actions of Police Officer A - whether by failure to defend and intervene Mr. Guadalupe on site; as well as failure to train, instruct, supervise, control and investigate the shooting, as well as covering it up.  By breaching said duties these defendants are individually personally liable.

100.    As a direct result of the above actions and/or inactions, plaintiffs have suffered damages, for which damages these defendants are liable, in the amount of  One Million Dollars ($1,000,000.00).

COUNT VIII: ARTICLE 1803 - RESPONDEAT SUPERIOR
Against "Supervisory Defendants"

101.    Plaintiff incorporates by reference paragraphs 1 through 79.

102.    At all times pertinent here to, defendants Police Officers A and B, as well as C-Z, were acting under the control and supervision of "Supervisory Defendants" - including co-defendants Pesquera, Roman and Sanchez.

103.    Supervisory Defendants personally, by act or omission, are responsible for defendants Police Officers A and B, as well as C-Z, acts/omission which have caused damages to plaintiffs, among others: the use of excessive force; the lack of intervention at the shooting; the attempt to avoid complying with thier investigation duties; their actual failure to investigate; the cover up the shooting; the production of false statements, and they have acquiesced in these co-defendant's wrongful conduct. Plaintiffs are thus entitled to damages.

104.    Under the laws of Puerto Rico, particularly Article 1803, these "Supervisory Defendants" are liable for damages caused to Plaintiffs.

105.    As a direct result of Supervisory Defendants' actions and/or inactions, plaintiffs have suffered damages, for which damages these defendants are liable, in the amount of One Million Dollars ($1,000,000.00).

## V.  REQUEST

**Guadalupe et al. v. Unknown Officers A-Z, et al., p. 25**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against the defendants and award the following amounts:

a.   One Million Dollars ($1,000,000.00) compensatory damages in favor of plaintiffs;

b.   One Million Dollars ($1,000,000.00) exemplary/punitive damages in favor of plaintiffs;

c.   $8,000.00 for the Honda ATV Model TRX;

d.   Awards of prejudgment interest, attorney's fees, expert's fees, and litigation costs under the civil rights attorney fees act 42 U.S.C § 1988; and,

e.   Such other and further relief as the court may deem just and proper.

**I HEREBY CERTIFY** that on this day this document was filed using the CM/ECF electronic system that will automatically send notice to all attorneys of record.

In San Juan, Puerto Rico, this 7th of July 2013.
RESPECTFULLY SUBMITTED,

*/S/ Javier A. Morales-Ramos*
U.S.D.C. 207405
Javier A. Morales-Ramos, Esq.
**LAW OFFICES OF JAVIER A. MORALES-RAMOS**
P.O. Box 362677
San Juan, PR 00936-2677
Tel: (787) 356-4616